### THE BOSTON
### and nine other cases.

(District Court, E. D. New York. September 26, 1919.)

**Bankruptcy ⇐18½, New, vol. 8 Key-No. Series—Right of lienors to proceeds of collision suit referred to court of bankruptcy having jurisdiction of estate of owner.**

Where the trustees in bankruptcy of a dredging company claim to have succeeded to a right of action for injury in collision to a dredge owned by the company, a court of admiralty in which are pending suits to enforce liens against the dredge will not interfere on behalf of the lienors with the prosecution of such suit or with the primary right of the court of bankruptcy to dispose of the proceeds.

In Admiralty. Suit by William J. Gokey & Co., Inc., against the dredge Boston, with nine other cases. On motions by libelants for en-

forcement of their right to any sum paid or collected as damages for injury to the Boston in collision. Denied without prejudice.

Haight, Sandford, Smith & Griffin, of New York City, for libelant Fidelity Deposit Co. of Maryland.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City, for ancillary receivers.

Harrington, Bigham & Englar, of New York City, for underwriters of the Boston.

Alexander & Ash, of New York City, for libelants Gokey and others.

GARVIN, District Judge. On August 5, 1920, the dredge Boston, then owned by the Boston Dredging Company, was injured by collision with the tug Bouker No. 3. Thereafter various admiralty suits in rem were brought against the Boston, which was sold to satisfy the liens obtained therein by the libelants. In the distribution of the funds realized at the sale two lienors were directed by the court to be paid in full (having made repairs which resulted in saving the boat from becoming a total loss), the remaining lienors receiving about 40 per cent. of their respective claims.

It was asserted upon the argument, and not disputed, that when these repairs were made the Dredging Company, in order to induce William J. Gokey & Co. to proceed with a part of the work, gave the latter company an assignment of the claim of the Dredging Company against the tug for damages arising out of the collision to the extent of $14,-250, being proximately the cost of the repairs made by Gokey & Co. The latter company, however, has been paid, as stated, for this work. The Boston Dredging Company later became bankrupt, and trustees in bankruptcy have been appointed by the United States District Court in Massachusetts.

This proceeding is a motion by lienors of the Boston to require and authorize the Bouker Contracting Company and/or their underwriters to pay to the clerk of this court all moneys intended to be used in payment of their liability to the Boston because of the collision aforesaid, to restrain them from otherwise disposing of this money, to restrain the underwriters of the Boston from paying the sums due under insurance policies on the Boston to the receivers of the said Dredging Company, to direct the marshal to collect and pay to the clerk of the court all moneys now or hereafter in the possession of the Bouker Contracting Company and/or their underwriters intended to be used in payment of their said liability to the Boston, and finally to direct the clerk of the court to distribute said moneys to the lienors in the same proportion as provided by the distribution order made by the court August 12, 1921.

The moving parties claim that the Bouker No. 3 was decreased in value by the collision, and that the money to be paid in damages therefore stands in place of the vessel, and is subject to the maritime liens which attached to her when the causes of action arose—citing The John G. Stevens, 170 U. S. 113, 18 Sup. Ct. 544, 42 L. Ed. 969; Sheppard v. Taylor, 5 Pet. 707, 8 L. Ed. 269; Brown v. Lull, Fed. Cas.

No. 2,018; O'Brien v. Miller, 168 U. S. 297, 18 Sup. Ct. 140, 42 L. Ed. 469; and The George Prescott, Fed. Cas. No. 5,339.

The trustees in bankruptcy distinguish these cases upon the ground that, because of the petition and adjudication in bankruptcy in Massachusetts, the District Court there obtained jurisdiction of the chose in action against the owners of the Bouker No. 3 for the damage done by that boat to the Boston, which chose in action vested in the trustees in bankruptcy. The determination of this question is not free from difficulty, but in view of the fact that the trustees urge that they have a claim against the Bouker No. 3 which has not yet been liquidated or settled, and in connection with which the underwriters of the Boston announce that they are about to file a libel against the Bouker No. 3, claiming on behalf of the Boston and the Boston Dredging Company, not only the amount of the repairs necessitated because of the collision, but other expenses, including the value of loss of services of the Boston, any action by this court which might have the effect of releasing the Bouker No. 3 from any part of its liability because of the collision would be ill-advised.

The rights of all parties can be fully protected by the District Court of Massachusetts, which should supervise any settlement of the claim for damages. It is not necessary to make any determination at this time of the rights of any of the parties in connection with the pending application. If, after settlement of the claim for damages is made by the trustees, the bankruptcy court in Massachusetts shall hold that it is without power to pass upon the claim of the lienors sought to be asserted on this motion (The Philomena [D. C.] 200 Fed. 859), an appropriate application may be made to this court.

Motion denied, without prejudice to any of the parties to make such further application, here or elsewhere, as may be advisable.